UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMIE C. PENDLETON,

                Plaintiff,

    v.

PATTI JORDAN, et al.,

                Defendant.

CASE NO. 3:20-CV-5297-BHS-DWC

ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action pro se and in forma pauperis. There are presently several motions pending before this Court. This order addresses Plaintiff's dual Motions to Compel (Dkt. 69 and 70), and Defendants' Motion to Stay Discovery (Dkt. 72). All other pending motions are re-noted to April 9, 2021.

**BACKGROUND**

Former inmate Jamie Pendleton (Plaintiff) brought suit against a number of Washington Department of Corrections (DOC) employees alleging he was kept beyond his early expiration date because they refused to give him the good time credit to which he was entitled. Dkt. 14.

On January 10, 2021, Plaintiff filed two sets of interrogatories on the docket, directed to Defendants. Dkt. 49, 50. On January 11, 2021, Plaintiff filed four more sets of interrogatories on the docket, directed to Defendants. Dkt. 51-54. On January 13, 2021, Plaintiff filed another set of interrogatories on the docket, directed to Defendants. Dkt. 55. Although these discovery requests were improperly filed, as discussed further below, Defendants nevertheless timely sent their objections to Plaintiff on February 10, 2021. Dkt. 71 at 2.

On February 11, 2021, Plaintiff filed a Motion to Compel (Dkt. 69) seeking an order compelling Defendants to provide responses to the above interrogatories. On February 14, 2021, Plaintiff filed a Motion to Compel (Dkt. 70) seeking an order compelling Defendants to provide answers (not simply objections) to the same interrogatories.

Defendants respond that Plaintiff's motions should be denied because they are defective, and because the Court should grant its Motion to Stay Discovery (Dkt. 72) until the Court has an opportunity to rule upon its Motion for Summary Judgment (Dkt. 35).

## STANDARD

The scope of permissible discovery is dictated by Rule 26 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In considering relevance and proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Evidence need not be admissible to be discoverable. *Id*.

Fed. R. Civ. P. 33, 34, and 36 govern written discovery requests including interrogatories, requests for production, and requests for admission. Specifically, Fed. R. Civ. P. 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Fed. R. Civ. P. 33 permits no more than 25 written interrogatories, including all discrete subparts, unless otherwise stipulated or ordered by the court.

Similarly, Fed. R. Civ. P. 34 governs requests for production and allows a party to serve on any other party "a request within the scope of Rule 26(b) ... to produce and permit the requesting party or its representative to inspect, copy, test, or sample ... items in the responding party's possession, custody, or control[,]" including, *inter alia*, documents and electronically stored information. Fed. R. Civ. P. 34(a).

Fed. R. Civ. P. 36 governs requests for admission. Under that rule, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). While interrogatories are "a valuable discovery tool," requests for admission are not intended to be used to obtain discovery, but to narrow the issues for trial. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D.Cal.1998).

The Rules also set forth the permissible timing, form, and scope of answers and objections to written discovery. The responding party must serve its answers and any objections to interrogatories, requests for production, and requests for admission within 30 days after being served with the requests, unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3). The grounds for an objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(5). With respect to requests for production, the

1  responding party must state whether any responsive materials are being withheld on the basis of

2  that objection. Fed. R. Civ. P. 34(b)(2)(C). If the responding party fails to sufficiently respond to

3  an interrogatory under Fed. R. Civ. P. 33 or to produce documents under Fed. R. Civ. P. 34, the

4  propounding party, after complying with "meet and confer" requirements, may file a motion to

5  compel responses or production. Fed. R. Civ. P. 37(a)(1) and (3)(B)(iii)-(iv).

6  **DISCUSSION**

7      Plaintiff filed seven discovery requests, which he styled as "Interrogatories," on the

8  record in this case. Dkt. 49-55. The Court has examined these requests and notes that each one

9  contains a mix of interrogatories, requests for production, and requests for admission.

10     Discovery requests should not be filed with the court. LCR 5(d)[1]; Fed. R. Civ. P.

11 5(b)(1)[2]. By entering these discovery requests on the Court's docket, rather than mailing them to

12 Defendants' counsel, Plaintiff violated these rules. Nevertheless, Defendants accepted Plaintiff's

13 requests as served on the dates Plaintiff entered them on the docket, and timely mailed objections

14 to Plaintiff on February 10, 2021. Dkt. 70-2–70-8. Defendants are therefore correct that they

15 timely responded to Plaintiff's request. Therefore, Plaintiff's first Motion to Compel (Dkt. 69) is

16 denied moot.

17     Defendant's second Motion to Compel (Dkt. 70) seeks to require Defendants to respond

18 with actual answers and documents, not simply objections. However, this motion is beset by

19 additional procedural violations. Defendants complain that Plaintiff failed to comply with the

20

21

22

23     [1] LCR 5(d) states, in relevant part, "Rule 26 initial disclosures and discovery requests and responses must not be filed unless they are used in the proceedings or the court orders filing."

24     [2] Fed. R. Civ. P. 5(b)(1) states, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

requirement in LCR 37(a)(1)[3] that the parties "meet and confer" before turning to the Court for

dispute resolution, and that the moving party must include a good faith certification with the

motion. This Court's scheduling order[4] also plainly required Plaintiff to confer with counsel for

Defendants and attempt to resolve any differences between them prior to filing a discovery

motion. Dkt. 31. According to counsel for Defendants, no such meet and confer took place, and

the record does not contain any certification by Plaintiff that it did. Dkt. 71 at 3. For these

reasons, and because Plaintiff is proceeding pro se and it is unclear if the discovery he requests is

relevant to the pending Motion for Summary Judgment (Dkt. 35), Plaintiff's second Motion to

Compel (Dkt. 70) is also denied without prejudice.

---

[3] LCR 37(a)(1) states, "Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules."

[4] The scheduling order states, in relevant part:

A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If unable to resolve their differences, the party filing the discovery motion must, either within the motion to compel or in a separate affidavit attached to the motion to compel, list the date, manner, and participants to the conference. If the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. See Fed. R. Civ. P. 37 and LCR 37(a)(1).

The motion to compel must: (1) list the matters on which the parties were unable to agree; (2) identify the nature and relevance of the documents and materials sought; (3) list the reason(s) why the mandatory initial disclosures were inadequate; and, (4) explain why the discovery sought is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Dkt. 31 at 1.

1     Finally, Defendants' Motion to Stay Discovery (Dkt. 72) is also denied so that Plaintiff

2  may be afforded a final opportunity to comply with Court rules. However, the Court cautions

3  Plaintiff that a "pro se litigant is not excused from knowing the most basic pleading

4  requirements" or "from following court rules." *American Ass'n of Naturopathic Physicians v.*

5  *Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). The Court has "no obligation to act as counsel or

6  paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). That being said, the Court

7  suggests Plaintiff carefully consider Defendants' position that his request to compel production

8  of "Kiosk messages" relates to a public records request, not a discovery request, and that his

9  combination of requests for production of documents[5], interrogatories, and requests for

10  admission in the same filing is objectionable. Dkt. 70 at 2; Dkt. 72.

11

12

13

14  [5] The Court has identified the following requests for production contained in Plaintiff's discovery requests:
    - "kiosk entries" and "chronos notes" (Dkt. 49 at 4, 5)

15  - a "transcript of the Kiosk Reply from the Law library to Plaintiff as mentioned in Offender Complaint you received on 2/24/20," "any documents, emails, sent or received by Toby Vaughn obtained during your investigation," and, "copies of the plaintiffs kites you made copies of during the interview" (Dkt. 51 at 2, 3, 4)

16  - "a copy of the corrected ISR the plaintiff requested" (Dkt. 52 at 5)
    - "a copy of your response kites and a transcript of all kiosk messages in which you replied to

17  Plaintiff" and, "copies of all kites and kiosk messaged sent and received by Plaintiff and all replies you made in return" and, "a copy of all email communications you have had with Kate Benward

18  concerning Plaintiff, and, "a transcript of all notes you have placed in the DOC system regarding [Plaintiff]." (Dkt. 53 at 3, 4)
    - "Did you draft and send a letter to Plaintiff in March of 2020? Please provide a copy of this letter,"

19  and, "Please provide all documentation that the State of Washington has in its records that were approved by the State of Washington Department of Corrections and agreed to by form via the

20  State of Washington's Attorney General office in regards the Acceptance of Temporary Custody of Plaintiff." (Dkt. 54 at 6, 7)

21  - "a copy of the court minutes for The District Court Of The first Judicial District of the State of Idaho in and for The County of Kootenai Case No CV-2017-0004210" and "a copy of the

22  Affidavit filed June 7th 2017 at 10:53 AM in The District Court Of The first Judicial District of the State of Idaho in and for The County of Kootenai Case No CV-2017-0004210", "a copy of the June 6th order to recommit filed in The District Court Of The first Judicial District of the State of

23  Idaho in and for The County of Kootenai Case No CV-2017-0004210" and, "a copy of the order…filed on October 25th 2017 at 11:35 am [in the] District Court Of The first Judicial District

24  of the State of Idaho in and for The County of Kootenai Case No CV-2017-0004210." (Dkt. 55 at 3, 4).

1    Although the deadline for discovery motions is March 8, 2021, if the parties are still

2  unable to resolve this dispute by the discovery deadline—March 29, 2021—the Court will permit

3  Plaintiff to file a new Motion to Compel (in conformity with all procedural rules and Court

4  orders) by March 29, 2021.

5                                          **<u>CONCLUSION</u>**

6    Plaintiff's dual Motions to Compel (Dkt. 69 and 70) are denied without prejudice.

7  Defendants' Motion to Stay Discovery (Dkt. 72) is denied without prejudice. The deadline for

8  filing a new Motion to Compel Discovery is extended to March 29, 2021. The remaining

9  pending motions are re-noted as follows:

10    1.    Defendants' Motion for Summary Judgment (Dkt. 35) is re-noted for April 9,

11  2021. In addition, Plaintiff may file a Supplemental Response to the Motion for Summary

12  Judgment by April 5, 2021, and Defendants may file a Supplemental Reply to the Motion for

13  Summary Judgment by April 9, 2021;

14    2.    Plaintiffs' Motion to Strike Declaration of Kevin Laudenbach (Dkt. 47) is re-

15  noted for April 9, 2021;

16    3.    Plaintiff's Motion for Sanctions (Dkt. 57) is re-noted for April 9, 2021; and,

17    4.    Plaintiffs' Motion to Strike Declarations of Forrest Buckallew, Julie Johnson, and

18  Patty Jordan (Dkt. 63) is re-noted for April 9, 2021.

19    The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for

20  Defendants.

21    Dated this 9th day of March, 2021.

22

23    _____

24    David W. Christel
       United States Magistrate Judge