THE HONORABLE JUDGE BENJAMIN H. SETTLE
MAGISTRATE JUDGE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE C. PENDLETON,<br><br>    Plaintiff,<br><br> v.<br><br>PATTY JORDAN,<br><br>    Defendants. | NO. 3:20-CV-05297-BHS-DWC<br><br>DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 10, 2021**<br>**WITHOUT ORAL ARGUMENT** |

  Defendants respectfully move this Court to reconsider its denial of their Motion to Stay Discovery pending resolution of their summary judgment motion. Briefing was not complete on the motion, it is improper to subject Defendants to Pendleton's broad-based discovery without first deciding the issue of qualified immunity, and if Pendleton needs more time to conduct discovery before the summary judgment motion is decided, he must meet the requirements set forth in Federal Rule of Civil Procedure 56(d).

### I. INTRODUCTION

  Former inmate Jamie Pendleton complains that Defendants failed to follow the Washington Department of Corrections' (Department or DOC) policies and procedures and the Spokane trial court's sentencing order when they refused to give him full credit for time he spent incarcerated in Idaho. Defendants moved for summary judgment on the ground that Pendleton was serving time on his Idaho convictions when he was incarcerated in Idaho, so he was not entitled to Washington credit for that time. In the alternative, Defendants are entitled

DEF.S' MOT. FOR RECONSIDERATION
NO. 3:20-CV-05297-BHS-DWC

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

to qualified immunity because, given the laws in Washington, every reasonable officer would not know he was violating Pendleton's rights when he refused to give Pendleton Washington credit for time Pendleton was serving on an Idaho sentence. Briefing is complete on the Motion for Summary Judgment and it is ripe for decision.

Nevertheless, Pendleton has submitted more than two hundred interrogatories and, now, several *very* broad requests for production of documents. *See* Dkt. Nos. 49-55, 75. Defendants moved to stay discovery on the ground that qualified immunity should be decided before broad-based discovery moves forward. Dkt. 72. After Pendleton responded to the Motion to Stay, but before Defendants had a chance to reply, this Court denied the motion because it was unsure whether the discovery Pendleton requested was relevant to the pending Motion for Summary Judgment. Dkt. 76 at 5. Defendants now object to moving forward with broad-reaching discovery and ask this Court to reconsider its decision.

Moving forward with Pendleton's extensive discovery at this juncture is improper and unnecessary for several reasons. First, Defendants, as public servants, are entitled to a ruling on their qualified immunity defense before they are forced to take time away from their responsibilities to engage in extensive discovery. Further, if Pendleton needs more information specific to the summary judgment motion, he should make the appropriate motion under Rule 56(d), Fed. R. Civ. P. An implied motion or reference to a need within a response is not enough.

## II.     ARGUMENT

**A.     It is Error to Allow Broad-Reaching Discovery to Go Forward Before Qualified Immunity is Decided**

Once raised, the issue of qualified immunity should be resolved before broad-reaching discovery moves forward. Indeed, multiple instances of binding Supreme Court precedent require this Court to address qualified immunity *prior* to allowing wholesale discovery to go forward. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982) (holding that qualified immunity is not just immunity from trial, it is immunity from suit); *Crawford-El v. Britton*,

523 U.S. 597–98 (1998) (noting that qualified immunity "protects public servants from the burdens of trial and discovery that may impair the performance of their official duties."); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (finding error where court implicitly denied qualified immunity by allowing discovery to go forward); *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985) (noting that immunity is designed to prevent the distraction of officials from their governmental duties); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990) (recognizing that "until the threshold issue of immunity is resolved, discovery should not proceed.")

Of course, there may be instances in which some limited discovery is necessary to determine whether defendants are entitled to qualified immunity. In such cases, only discovery narrowly tailored to that issue should proceed. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

In this case, Defendants, who are public servants, have raised qualified immunity. According to the United States Supreme Court, then, that issue should be determined before discovery goes forward. If Pendleton believes he needs information related to the issue of qualified immunity, only discovery narrowly directed to that issue should be allowed to proceed—not the broad-based discovery Pendleton has thus far propounded.

**B.     If Pendleton Needs Discovery to Address Defendants' Summary Judgment Motion, He Should Make a Motion Under Rule 56(d), Fed. R. Civ. P.**

In his response to Defendants' Motion for Summary Judgment, Pendleton implies that summary judgment is premature as discovery is ongoing. *See* Dkt. 59 at 17. Under the Federal Rules of Civil Procedure, when a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

To warrant such relief, however, a litigant *must* meet the requirements of Rule 56(d). A "perfunctory assertion that the party cannot respond because it needs to conduct discovery" is not enough. *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Calif. 2002). "In that regard, references in memoranda and declarations positing a need for discovery do not constitute a proper motion under Rule [56(d)]." *Id.*; *see also California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (same). Rather, the party seeking a Rule 56(d) continuance must proffer "'sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'" *Atay v. Cty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) (quoting *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). That is, the litigant must set "forth with particularity: (1) why the party opposing summary judgment cannot respond; (2) the particular facts that the party reasonably expects to obtain in further discovery; and (3) how the information reasonably expected from the proposed discovery requests could be expected to create a genuine issue of material fact that would defeat the summary judgment motion." *Adams*, 187 F. Supp. 2d at 1213 (citing *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

Moreover, when, as here, qualified immunity has been asserted, a party seeking a Rule 56(d) continuance faces an additional hurdle. As the Tenth Circuit explained, "[w]hen the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also 'demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion.'" *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990)) (second alteration in original). In other words, the material sought must do more than challenge a material fact; it must also challenge the elements of qualified immunity. Otherwise, qualified immunity will still warrant dismissal and any discovery sought would be futile.

DEF.S' MOT. FOR RECONSIDERATION
NO. 3:20-CV-05297-BHS-DWC

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

When a party fails to carry these burdens, it is appropriate for a court to deny discovery and proceed to rule on the pending summary judgment motion. *Weinberg v. Whatcom Cty.*, 241 F.3d 746, 751 (9th Cir. 2001) (quoting *Campbell*, 138 F.3d at 779).

Defendants filed their summary judgment motion two months ago. The motion hinges on both qualified immunity and the fact that Pendleton was not legally entitled to credit for the time he was incarcerated in Idaho because he was also serving time on an Idaho conviction and sentence. Pendleton has not made a motion or anything that could be construed as a request for an extension under 56(d). He has likewise failed to proffer any facts or affidavits showing what evidence he seeks, how it would prevent summary judgment, and/or how it would defeat Defendants' asserted qualified immunity.

Further, Pendleton's requested discovery seems to focus on Defendants' culpability and what he perceives as dereliction of their duty. For example, Pendleton's kiosk messages have no bearing on whether he is legally entitled to credit for time spent incarcerated in Idaho. Pendleton's fishing expedition coupled with his "mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Rule [56(d)]." *Gofron v. Picsel Tech., Inc.*, 804 F. Supp. 2d 1030, 1036 (N.D. Calif. 2011) (quoting *Cont'l Mar. of S.F. v. Pac. Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987)).

Pendleton must be held to the Rule 56(d) standard. He must articulate what he expects to discover and how it will rebut summary judgment—including qualified immunity. Inasmuch as Pendleton has not met the requirements of Rule 56(d), an order allowing discovery to go forward while a summary judgment motion is pending would be contrary to law and therefore error.

/ / /

/ / /

/ / /

/ / /

DEF.S' MOT. FOR RECONSIDERATION  
NO. 3:20-CV-05297-BHS-DWC

5

ATTORNEY GENERAL OF WASHINGTON  
Corrections Division  
PO Box 40116  
Olympia, WA 98504-0116  
(360) 586-1445

### III. CONCLUSION

This Court denied Defendants' Motion to Stay Discovery before briefing was complete. Moreover, it denied the motion in error. If Pendleton needs more time, he should make a motion under Rule 56(d). If the motion is granted, discovery should be narrowly limited to qualified immunity.

RESPECTFULLY SUBMITTED this 10th day of March, 2021.

> ROBERT W. FERGUSON
> Attorney General
>
> *s/ Michelle M. Young*
> MICHELLE M. YOUNG, WSBA #52423
> HOLGER K. SONNTAG, WSBA #55251
> Assistant Attorneys General
> Corrections Division
> PO Box 40116
> Olympia, WA  98504-0116
> Michelle.Young@atg.wa.gov
> Holger.Sonntag@atg.wa.gov

DEF.S' MOT. FOR RECONSIDERATION
NO.  3:20-CV-05297-BHS-DWC

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445