UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMIE C. PENDLETON,

            Plaintiff,

    v.

PATTI JORDAN, et al.,

            Defendant.

CASE NO. 3:20-CV-5297-BHS-DWC

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action pro se and in forma pauperis. Presently before the Court is Defendants' Motion for Reconsideration (Dkt. 77) of this Court's Order (Dkt. 76) denying Plaintiff's dual Motions to Compel (Dkt. 69 and 70), and Defendants' Motion to Stay Discovery (Dkt. 72). Plaintiff opposes this motion. Dkt. 78.

    Motions for reconsideration are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted); Local Civil Rule 7(h)(1)[1].

Defendants ask the Court to reconsider the portion of its order denying Defendants' Motion to Stay Discovery, pending resolution of their pending summary judgment motion (Dkt. 35). Defendants state that they "object to moving forward with broad-reaching discovery" before this Court had decided the issue of qualified immunity. Dkt. 77 at 2. Though Defendants do not go so far as to allege this Court committed "clear error" in denying their Motion to Stay Discovery, they argue that Supreme Court precedent dictates that this Court should rule on their qualified immunity defense before requiring them to engage in discovery with Plaintiff unless "some limited discovery is necessary to determine whether defendants are entitled to qualified immunity" in which case "only discovery narrowly tailored to that issue should proceed" and only if Plaintiff files a Rule 56(d)[2] motion. Dkt. 77 at 3.

As discussed in the Court's prior order, Defendants' Motion to Stay was a response to Plaintiff's Motion to Compel discovery[3]. While the Court denied Plaintiff's motions to compel

---

[1] Local Civil Rule 7(h)(1) states, "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

[2] Fed. R. Civ. P. 56(d) reads, "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order."

[3] On January 10, 2021, Plaintiff filed two sets of interrogatories on the docket, directed to Defendants. Dkt. 49, 50. On January 11, 2021, Plaintiff filed four more sets of interrogatories on the docket, directed to Defendants. Dkt. 51-54. On January 13, 2021, Plaintiff filed another set of interrogatories on the docket, directed to Defendants. Dkt. 55. Although these discovery requests were improperly filed, as discussed further below, Defendants nevertheless timely sent their objections to Plaintiff on February 10, 2021. Dkt. 71 at 2.

On February 11, 2021, Plaintiff filed a Motion to Compel (Dkt. 69) seeking an order compelling Defendants to provide responses to the above interrogatories. On February 14, 2021, Plaintiff filed a Motion to

due to procedural defects, it extended the deadline to March 29, 2021 for additional motions to compel, if necessary, giving the parties additional time to attempt an out-of-court resolution to their discovery dispute. Dkt. 76 at 7. It is unclear from Defendants' motion at bar whether any effort has been made in this direction.

In their Motion for Summary Judgment Defendants squarely addressed the merits of Plaintiff's civil rights and other claims, raising qualified immunity for the first time at page 20 of their brief, and only as an alternative defense to Plaintiff's claims. Dkt. 35 at 20. Defendants in no way indicated in that pleading that they believed the issue of qualified immunity must be resolved before permitting discovery to proceed[4]. Instead, Defendants argued that even if they erred when calculating Plaintiff's good time credit they reasonably relied upon "the jail's certification of 624 days" in accordance with Wash. Rev. Code § 9.94A.729(1)(b), so to the extent Plaintiff had a right "to anything different" such right was "not so well established that every reasonable officer would know he was violating [Plaintiff's] rights by calculating his good time based on the governing statutes." Dkt. 35 at 22.

In light of the alternative, non-jurisdictional presentation of their original qualified immunity defense, Defendants' current position that Plaintiff is only entitled to discovery related to the issue of qualified immunity, "not the broad-based discovery [Plaintiff] has thus far propounded" is not well taken. Dkt. 77 at 3.

---

Compel (Dkt. 70) seeking an order compelling Defendants to provide answers (not simply objections) to the same interrogatories.

Defendants responded that Plaintiff's motions should be denied because they are defective, and because the Court should grant its Motion to Stay Discovery (Dkt. 72) until the Court has an opportunity to rule upon its Motion for Summary Judgment (Dkt. 35).

[4] Almost two months elapsed before Defendants asserted this argument for the first time in their Motion to Stay (Dkt. 72).

1 In conclusion, as this Court previously determined, Plaintiff is entitled to discovery
2 within the bounds of federal and local rules. Defendants present no basis to reconsider that
3 decision. Therefore, Defendants' Motion for Reconsideration (Dkt. 77) is denied.

4 Dated this 17th day of March, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge