UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE C. PENDLETON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATTI JORDAN, et al.,<br><br>　　　　　Defendants. | CASE NO. 3:20-CV-5297-BHS-DWC<br><br>ORDER ON MISCELLANEOUS MOTIONS AND AMENDING PRETRIAL SCHEDULING ORDER |

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. On April 19, 2021, the Court heard oral argument regarding Plaintiff's pending Motion to Compel. As a result of oral argument, the Court issues the following order:

**I.      Motion to Compel (Dkt. 84)**

Plaintiff has filed a Motion to Compel, wherein he states Defendants have not responded to his discovery requests. A review of the record shows Defendants' counsel served responses to Plaintiff's discovery requests through the United States Postal Service ("USPS"). Based on the tracking information provided by Plaintiff, Plaintiff received the discovery responses the day

ORDER ON MISCELLANEOUS MOTIONS AND
AMENDING PRETRIAL SCHEDULING ORDER - 1

after he filed his Reply to Defendants' Response to the Motion to Compel. *See* Dkt. 87-3. Thus, Plaintiff had not received the discovery responses prior to filing the Motion to Compel. *See* Dkt. 84, 87, 87-3.

As Plaintiff had not received the disputed discovery prior to filing the Motion to Compel, there is no evidence the parties were at an impasse regarding the alleged discovery disputes and, thus, Plaintiff's request to compel responses was filed prematurely. *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion). Further, as Plaintiff did not have the discovery responses at the time he filed the Motion to Compel, he could not have met the meet and confer requirements prior to filing the Motion. *See* Fed. R. Civ. P. 37(a)(1). Accordingly, Plaintiff's Motion to Compel (Dkt. 84) is denied without prejudice.

## II.     Amended Pretrial Scheduling Order

In light of argument regarding incomplete discovery, the Court amends the Pretrial Scheduling Order (Dkt. 31) as follows:

- Any motion to compel discovery shall be filed no later than **June 11, 2021** and shall comply with Local Civil Rule 37(a)(2).
- All discovery shall be completed by **June 25, 2021**.

- Any dispositive motions shall be filed and served by **July 23, 2021**. The parties are directed to comply with Local Civil Rule 7, including Rule 7(k) regarding filing cross motions.

As this case has been pending for over one year, the Court does not intend to extend the pretrial deadlines any further, absent extraordinary circumstances.

### III.   Motion for Summary Judgment (Dkt. 35)

The potential additional discovery may impact Defendant's Motion for Summary Judgment. Therefore, the pending Motion for Summary Judgment (Dkt. 35) is denied without prejudice with the right to refile.

The parties are not required to refile evidence previously filed in this case. However, the Court intends to consider only the evidence cited to in any new motion for summary judgment and brief filed in opposition. Thus, the parties must, in any subsequent motion for summary judgment, response or reply, specifically cite to the evidence on which they rely. *See* Fed. R. Civ. P. 56(c)(3) ("[t]he court need consider only the cited materials ..."). The Court will not refer back to any previously filed motions when ruling on future motions in this case.

### IV.   Motion for Extension (Dkt. 83)

Plaintiff has requested an extension of time to file a motion to compel and supplemental response to Defendant's Motion for Summary Judgment. Dkt. 83. After filing that Motion for Extension of Time, Plaintiff filed both the Motion to Compel and the Supplemental Response. Dkt. 84, 89. The Court, having considered Plaintiff's filings and ordered an extension of the discovery deadline and the date to file a motion to compel, hereby denies Plaintiff's Motion for Extension (Dkt. 83) as moot.

### V. Motions to Strike and for Sanctions (Dkt. 47, 57, 63, 94)

The Court has extended the dates in the Pretrial Scheduling Order and denied the pending Motion for Summary Judgment. Therefore, the Court finds Plaintiff's requests to strike documents filed in this case and Plaintiff's requests for sanctions inappropriate at this time. Therefore, Plaintiff's Motions (Dkt. 47, 57, 63, 94) are denied without prejudice.

Dated this 19th day of April, 2021.

David W. Christel
United States Magistrate Judge