UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMIE C. PENDLETON,

    Plaintiff,

v.

PATTI JORDAN, et al.,

    Defendant.

CASE NO. 3:20-CV-5297-BHS-DWC

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff is proceeding with this action pro se and in forma pauperis. Presently pending before this Court is Defendant's Motion to Compel Discovery (Dkt. 116).

Defendants request an order directing Plaintiff to attend his own deposition and to provide answers to the interrogatories he previously responded to with objections. Dkt. 116 at 1-2; Dkt. 123. Defendants also ask this Court to impose sanctions on Plaintiff for refusing to meet and confer with counsel regarding these requests. Dkt. 116 at 3.

Plaintiff admits he has refused to cooperate with Defendants' attempts to depose him because he believed Defendants failed to comply with applicable rules in noticing his deposition. Dkt. 128 at 2. Nevertheless, Plaintiff does not explain why he refused to meet and confer with counsel pursuant to the parties' joint obligation to comply with LCR 37(a)(2). *See* Dkt. 96.

The Federal Rules of Civil Procedure (Fed. R. Civ. P.) provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting objections. *See Collins v. Pierce Co.,* No. C10–5246RJB, 2011 WL 766220, *2 (W.D. Wash., Feb. 24, 2011) (citing *Cable & Computer Tech., Inc. v. Lockheed Saunders,* Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

The Court has reviewed the Motion, supporting exhibits, Plaintiff's Response, and Defendant's Reply. Dkt. 116, 123, 128, 129, 130. Plaintiff's objections to attending his deposition are overruled. The Court orders him to do so on or before July 16, 2021. If Defendant wishes to pose the questions Plaintiff previously objected to answering in interrogatory form, Defendant may do so during the deposition.

The current discovery deadline is June 25, 2021, and the dispositive motion deadline is July 23, 2021. Dkt. 96. When the Court last amended these deadlines it indicated that it did not intend to further extend these deadlines absent extraordinary circumstances. *Id*. at 3. However,

for the singular purpose of Defendant deposing Plaintiff, the discovery deadline is hereby extended to July 16, 2021.

Defendant's request for sanctions is denied at this time. However, the Court warns Plaintiff that failure to attend his deposition or obstruction of any sort will likely result in sanctions against him. *See* Fed. R. Civ. P. 37(d)(1)(a)(i)&(ii); *see also* LCR 11(c)[1].

Dated this 23rd day of June, 2021.

*[signature]*
David W. Christel
United States Magistrate Judge

---

[1] LCR 11(c) states, "Failure of an attorney for any party to appear at a pretrial conference or to complete the necessary preparations therefor, or to appear or be prepared for trial on the date assigned, may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against that party either with respect to a specific issue or the entire case.

An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or *who otherwise so multiplies or obstructs the proceedings* in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate." (emphasis added)