UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE C. PENDLETON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PATTI JORDAN, et al.,<br><br>　　　　　Defendant. | CASE NO. 3:20-CV-5297-BHS-DWC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING A LIMITED EXTENSION OF TIME |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff is proceeding *pro se* and *in forma pauperis*. Currently pending before the Court are Plaintiff's "Amended/Supplemental MOTION to Appoint Counsel" (Dkt. 135), "Plaintiff's Motion to Extend Discovery – Deposition Deadline" (Dkt. 140), and Defendants' "Motion for Extension of Time Stay of the Dispositive Motion Deadline" (Dkt. 141).

BACKGROUND

On June 23, 2021, this Court overruled Plaintiff's objections and ordered him to attend his deposition on or before July 16, 2021. Dkt. 133. At that time the Court also stated that it did

not intend to further extend the deadlines in this case, absent extraordinary circumstances, and warned Plaintiff that failure to attend his deposition by July 16, 2021, or further obstruction of any sort, would likely result in sanctions. *Id*.

Within hours of entering this order Plaintiff filed a motion to appoint counsel (Dkt. 134), which he amended on June 27, 2021 (Dkt. 135). In his motion Plaintiff states that a Texas attorney named Charlie Williams (Mr. Williams) "is willing to accept appointment to represent me during the forthcoming Deposition."[1] Dkt. 135 at 1.

Defendants oppose appointment of counsel, arguing Plaintiff does not meet the test, discussed below. Dkt. 136. Plaintiff filed a Reply, disputing the facts but making no effort to analyze the legal standards applicable to his motion for court appointed counsel. Dkt. 137.

Then, on July 15, 2021, Plaintiff filed a document titled, "Stipulated Motion to Extend Discovery – Deposition Deadline" in which he indicated that the parties agreed to request an extension of the deadline for Plaintiff's deposition to August 16, 2021. Dkt. 140.

On July 19, 2021, Defendants filed their own motion, indicating that Plaintiff has refused to attend his deposition until this Court rules on his motion to appoint counsel. Dkt. 141 at 3.

Finally, on July 20, 2021, Plaintiff filed, "Plaintiff Responce (sic) To Defendants Motion For Extension/Stay Of Dispositive Motion Deadline," wherein Plaintiff argues that he has not refused to sit for his deposition, and tried to schedule it for July 7, 2021, but then Defendants objected to the Court appointing a Texas attorney named Charlie Williams (Dkt. 136) so the

---

[1] Notably, Plaintiff's motion does not indicate whether Mr. Williams is admitted to the Washington State Bar Association. RCW 2.48.180 prohibits any person who is not an active member of the Washington State Bar Association from practicing law in this state. Thus, even if this Court were to grant Plaintiff's motion for appointment of counsel Mr. Williams does not appear to be eligible for the appointment.

deposition could not go ahead. Dkt. 145 at 1. Plaintiff also objects to extending any discovery deadline other than the deadline for his deposition. Dkt. 145 at 2.

## DISCUSSION

### I. Defendant's motion for court appointed counsel is denied.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

    a. Plaintiff is unlikely to succeed on the merits of his claims.

In his Amended Complaint (Dkt. 15) Plaintiff alleges the Washington Department of Corrections (DOC) violated his Constitutional rights by failing to credit him with presentence credit, thereby holding him in custody beyond his early release date.

The Washington Supreme Court has held that RCW 9.94A.728 does not create a liberty interest in release from prison prior to the end of the sentence, explaining that:

> The permissive terms of the early release statute, "may become eligible" and "may deny transfer," do not require DOC to grant an offender early release to community custody. The statute does not create an expectation of release and cannot establish a liberty interest.

*In re Pers. Restraint of Mattson*, 166 Wash. 2d 730, 740 (2009); *see also Greenholtz v. Inmates of Nebraska*, 442 U.S. 1, 7 (1979)("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

According to Defendants, even after DOC credited Plaintiff with 962 days ordered by the Spokane court, his sentence did not expire until June 2021. Dkt. 136 at 3 (citing Dkt. 41-3 at 2). Thus, Plaintiff had no right to be released before then. Yet he was, in fact, released before then when his sentence was commuted in April 2020 due to the COVID-19 pandemic.

In his Reply to Defendant's opposition to appointment of counsel, Plaintiff argues he should have been released in February 2020, based on his "pre-sentence credits and [his] release plan submitted in the interstate compact system…". Dkt. 137 at 2. He further contends that his case is "extraordinarily complex" because the parties do not agree on the facts, and that his is an "appropriate case" for the Court to "request" counsel pursuant to 28 U.S.C. Section 1915(2) and *United States of America v. 30.64 Acres of Land*, 795 F. 2d 796 (9th Cir. 1986). Dkt. 137 at 1-2. This argument fails to address the fact that Plaintiff does not have a constitutional right to be conditionally released before the expiration of his sentence.

    b. <u>Plaintiff is able to articulate his claims</u>.

Plaintiff seeks counsel for the first time in this case because the Court ordered him to attend his deposition, yet he does not explain why he suddenly requires the assistance of counsel other than to assert that his case is "extraordinarily complex." *See generally* Dkt. 135; Dkt. 137

at 1. Plaintiff has clearly articulated his claims in this case, and proven he is fully capable of representing himself over the court of numerous motions to this Court, including a pending Motion for Summary Judgment. Dkt. 132.

Pro se litigants are deposed without counsel on a regular basis. And as Defendants point out, while Plaintiff may feel better with an attorney assisting him at the deposition, the test is not how confident a litigant feels, but whether he has shown "that because of the complexity of the claims he was unable to articulate his positions." Dkt. 136 at 3. Plaintiff's Section 1983 claims do not involve exceptional circumstances entitling him to appointed counsel. *See Storseth*, 654 F.2d at 1353.

## II.   Scheduling and Sanctions

Defendants ask the Court to stay the dispositive motion deadline until Plaintiff can be deposed, at which point "their response to [Plaintiff's] motion for partial summary judgment and the dispositive motion deadline could … be reset for 14 days and 30 days (respectively) after the deposition." Dkt. 141 at 3.

These deadlines have now passed. *See* Dkt. 96; 132. Therefore, a stay is not appropriate. Instead, upon completion of Plaintiff's deposition Defendants shall provide the Court with a status report, at which time the Court will set a new date for (a) filing dispositive motions, (b) Defendant to respond to Plaintiff's pending motion for partial summary judgment, and (c) Plaintiff to reply to Defendant's response.

In light of the fact Plaintiff has now twice refused to attend his deposition, this Court will dismiss this case with prejudice if he fails to do so again. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1259 (9th Cir. 1992)("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.")

<u>CONCLUSION</u>

Plaintiff's "Amended/Supplemental MOTION to Appoint Counsel" (Dkt. 135) is DENIED. "Plaintiff's Motion to Extend Discovery – Deposition Deadline" (Dkt. 140), and Defendants' "Motion for Extension of Time Stay of the Dispositive Motion Deadline" (Dkt. 141) are both GRANTED in part and denied in part. Plaintiff shall attend his deposition by August 20, 2021.

Dated this 26th day of July, 2021.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge