UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMIE C. PENDLETON,

    Plaintiff,

v.

PATTI JORDAN, et al.,

    Defendant.

CASE NO. 3:20-CV-5297-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: October 1, 2021

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for Sanctions in the form of dismissal of Plaintiff's Complaint. Dkt. 159.

<u>BACKGROUND</u>

    After this Court ordered him to submit to a deposition (Dkt. 133), Plaintiff filed a motion for appointment of counsel (Dkt. 134, 135). He refused to set a date for a deposition until the Court ruled on the motion. Dkt. 144 at 1-2, 7. After thoroughly analyzing the applicable law, and finding Plaintiff was both unlikely to succeed on the merits of his claims and fully capable of representing himself in this case, the Court denied Plaintiff's motion for appointment of counsel

REPORT AND RECOMMENDATION - 1

1  and ordered him to sit for a deposition by August 20, 2021. Dkt. 147. In response, Plaintiff filed

2  an interlocutory appeal of the Court's denial of his motion for counsel. Dkt. 148. Days later,

3  Plaintiff returned to this Court requesting certification of the interlocutory appeal he had already

4  filed. Dkt. 151. Defendants opposed certification. Dkt. 155. On August 5, 2021, this Court

5  recommended denying certification of an interlocutory appeal. Dkt. 156. Then, on August 12,

6  2021, the Ninth Circuit dismissed Plaintiff's interlocutory appeal for lack of subject matter

7  jurisdiction, rendering the issue moot. Dkt. 157. Still, on August 13, 2021, Plaintiff objected to

8  this Court's recommendation to deny interlocutory appeal. Dkt. 158.

9      Meanwhile, Defendant made additional attempts to schedule Petitioner's deposition,

10 ultimately noticing it for August 18, 2021. Dkt. 160-1 at 17. Petitioner responded by emailing

11 Defendant, "No need to schedule. I will stand on my pending notice of appeal and pending

12 motion to reconsider." *Id*. at 19.[1] Then, with a denial of his interlocutory appeal by the Ninth

13 Circuit now in hand, Plaintiff told Defendant two days prior to the scheduled deposition, "I will

14 not attend a deposition without counsel." Dkt. 160-1 at 23.

15     On August 23, 2021, Defendant filed the pending motion for sanctions. Dkt. 159.

16 Plaintiff responded on September 2, 2021 (Dkt. 161) and Defendants replied (Dkt. 163).

17 STANDARD

18     Fed. R. Civ. Pro. 37(b)(2) gives a district court discretion to "make such orders ... as are

19 just" in regard to a party's failure to obey a discovery order, including dismissal. In addition, Fed.

---

[1] On August 1, 2021, Petitioner filed a Motion for Reconsideration of the Order denying his motion for appointment of counsel. Dkt. 153. Notably, Local Civil Rule 7(h)(2) expressly states, "The pendency of a motion for reconsideration shall not stay discovery or any other procedure."

REPORT AND RECOMMENDATION - 2

1  R. Civ. P. 41(b), permits a district court to dismiss an action for failure to comply with any order
2  of the court.
3      In determining whether to dismiss a case for failure to comply with a court order the
4  district court must weigh five factors including: "(1) the public's interest in expeditious
5  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
6  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
7  availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
8  1992)(*quoting Thompson v. Hous. Auth. of L.A*., 782 F.2d 829, 831 (9th Cir. 1986)) (internal
9  alterations omitted). Dismissal is appropriate when "at least four factors support dismissal, or
10 where at least three factors strongly support dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983,
11 990 (9th Cir. 1999) (*quoting Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))
12 (internal alterations and quotation marks omitted).

13                               DISCUSSION
14     Defendant persuasively argues that at least four of the five *Ferdik* factors weigh in favor
15 of dismissing this case. *See generally*, Dkt. 159.
16     The first two factors—the public's interest in expeditious resolution of litigation and the
17 trial court's interest in docket control—strongly support dismissal. This case has dragged on for a
18 year and a half, and even after extending the discovery deadline Plaintiff has not provided
19 Defendants with any discovery. *See* Dkt. 123 at 2, 13-16. This case has consumed large amounts
20 of the Court's time due in large part to Plaintiff's lack of respect for the Court's authority, which
21 has now escalated to the point that Plaintiff threatens that if this Court grants the pending motion
22 it will simply "force this case to sit on a appeals (sic) docket only to once again be back here."
23 Dkt. 161 at 5. Moreover, it is clear Plaintiff would continue to reject the Court's determination
24

that he is not entitled to court-appointed counsel if this case were to proceed, as he states, "If the Deposition was completed by the previous deadline this case would still be ongoing and if Summary Judgment not granted (sic) on to trial, again requiring counsel." *Id*. at 3.

Even before arriving at this point, Plaintiff's disobedient attitude has repeatedly resulted in extra work for this Court in the form of motions for reconsideration, refusal to heed the Court's instructions to cease filing discovery requests on the docket, repeated failure to confer with opposing counsel prior to turning to the Court for resolution of discovery disputes, and general lack of respect for the local and federal rules all litigants are required to follow. *See e.g.*, Dkt. 19, 20, 49, 50, 51, 52, 53, 54, 55, 57, 58, 63, 75, 78, 80, 94, 98, 99, 100, 103, 105, 106, 107, 109, 110, 111, 112, 113, 117, 118, 119, 120, 122, 126, 131, 148, 150, 151, 153, 158. Plaintiff has willfully interfered with the efficient and expeditious resolution of this case and repeatedly demonstrated a lack of consideration for the Court and opposing counsel. His threats to continue doing so antagonize the public's interest in expeditious resolution of litigation and the Court's interest in docket control.

Factor number three also strongly favors dismissal, as Defendant would clearly be prejudiced if it were forced to proceed without discovery. According to Defendants, they have answered Plaintiff's interrogatories and provided more than 2,800 pages of discovery documents, whereas Plaintiff has not even answered a single interrogatory. *See* Dkt. 116 at 1; Dkt. 123 at 2, 13-16. Compounded by the fact Plaintiff refuses to be deposed, it would be categorically unfair to Defendants to require them to defend themselves against Plaintiff's numerous claims, including, *inter alia*, claims of conspiracy and intentional infliction of emotional distress (Dkt. 15 at 8-10) for which Plaintiff seeks punitive damages, among other forms of relief (Dkt. 15-1 at 2).

Factor four—public policy preferring cases be decided on their merits—is the least favorable to dismissal, and yet as Defendant points, Plaintiff's complete and full cooperation with the rules governing discovery is imperative to a just resolution of this case. Dkt. 159 at 9. Plaintiff's refusal to provide Defendants with the discovery they are entitled to threatens to interfere with the rightful decision of the case, as it would be impossible for the Court to be confident both parties have had "access to true facts." *See e.g.*, *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007)(upholding the district court's case dispositive sanction and noting, "There is no point to a lawsuit, if it merely applies law to lies.")(internal citation omitted).

Finally, the fifth factor weighs heavily in favor of dismissal, as it is clear to this Court that less drastic alternatives are not available to move this case forward. Given Plaintiff is proceeding *In Forma Pauperis* (Dkt. 16) and cannot afford to hire an attorney, imposition of monetary sanctions would be ineffectual. Mindful of this, the Court warned Plaintiff that his failure to comply with the Court's first order to attend his deposition would likely result in sanctions. Dkt. 133 at 3. When Plaintiff still refused to cooperate the Court expressly informed him that because he "has now twice refused to attend his deposition, this Court will dismiss this case with prejudice if he fails to do so again." Dkt. 147 at 5. Plaintiff's choice to defy these orders in conjunction with his statements to Defendants, discussed *supra*, and his response to this Court arguing the "clear alternative" to dismissal is to reopen discovery and appoint an attorney to represent him, compel a finding that less drastic alternatives are no longer available. *See* Dkt. 161 at 4.

In sum, this Court finds application of the *Ferdik* factors to this case demands a dispositive sanction. Therefore, the Court recommends dismissing this case with prejudice.

REPORT AND RECOMMENDATION - 5

CONCLUSION

Defendants' Motion for Sanctions (Dkt. 159) should be GRANTED, and this case should be DISMISSED with prejudice. All other outstanding motions should be DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 1, 2021, as noted in the caption.

Dated this 16th day of September, 2021.

David W. Christel
United States Magistrate Judge