UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMIE C. PENDLETON,

                    Plaintiff,

    v.

PATTI JORDAN, et al.,

                   Defendants.

CASE NO. C20-5297 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendations ("R&R")
of the Honorable David W. Christel, United States Magistrate Judge, Dkts. 156, 164, and
Plaintiff Jamie Pendleton's objections to the R&Rs, Dkts. 158, 165, and motions for
status reports, Dkts. 167, 168.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Pendleton commenced this suit against Defendants Washington Department of
Corrections ("DOC"), the State of Washington, and seven individually-named DOC
employees in March 2020 arising out of DOC's alleged miscalculation of his presentence
credit. Dkt. 1 (motion for leave to proceed *in forma pauperis*); Dkt. 15 (complaint).

1    In May 2016, Pendleton plead guilty to one count of grand theft of a financial

2    transaction card in Idaho. Dkt. 36-1. The Idaho state court withheld judgment but

3    imposed a two-year term of supervised probation. *Id.* Pendleton violated the conditions of

4    his probation approximately six months later, and the Idaho court issued an arrest

5    warrant. Dkt. 36-3. Pendleton was rearrested, and the Idaho court subsequently imposed

6    an 18-month prison sentence along with a three-and-a-half-year indeterminate prison

7    term. *Id.* In August 2017, the Idaho Department of Corrections took Pendleton into

8    custody. Dkt. 36-2.

9    In May 2018, Pendleton was transferred from an Idaho correctional facility, while

10    still serving time on his Idaho sentence, to Spokane, Washington to stand trial on

11    Washington charges. *Id.* Pendleton was paroled from Idaho to Washington in September

12    2019. *Id.* In December 2019, a Washington jury found Pendleton guilty of eight counts of

13    identity theft in the second degree and three counts of forgery. Dkt. 37-3. The Spokane

14    County Superior Court sentenced Pendleton to 57 months total confinement[1] and 12

15    months of community custody and awarded him credit for 962 days he spent in custody

16    for sentencing. *Id.*

17    Pendleton was then transferred to the Washington Corrections Center on February

18    13, 2020 to begin serving his Washington sentence. Dkt. 37-2. Upon his transfer, the

19    Spokane County Jail certified that Pendleton had spent 624 days at the jail and had not

20    lost any good time credit during that time. *Id.* The day after he arrived in DOC custody,

21    ─────────────

22    [1] The Washington state court amended the judgment and sentence and reduced
     Pendleton's term of confinement to 48 months. Dkt. 37-4.

ORDER - 2

Pendleton sent a kite claiming that he was past his early release date and should be
released immediately. Dkt. 38-1. Defendant Forrest Buckallew, a DOC Corrections
Technician, responded to the kite and explained that even with the jail credits applied and
the prison sentence reduced, Pendleton's early release date was not until January 2021.
Dkt. 38-2.

On March 2, 2020, Buckallew notified Pendleton that his early release date had
been adjusted to June 2, 2020 to reflect the 962 days of pre-sentence credit ordered by the
Washington state court judgment and sentence, to give Pendleton credit for 20 post-
sentence transportation days, and to give him 312 days of good time credit, which was
based upon the 624 days of custody certified by the Spokane County Jail. Dkt. 38-5.
Pendleton then filed a grievance claiming that Buckallew was denying him credit by
awarding good time credit based on the 624 days certified by the jail rather than the 962
days of credit awarded by the state court. Dkt. 43-3. Defendant Julie Johnson verified the
calculations and confirmed Pendleton's early release date was June 2, 2020. Dkt. 43-2.

Pendleton then sent a letter to Defendant Patty Jordan, a Corrections Specialist 3 at
DOC Headquarters, telling her that he needed to receive credit for 962 days, which
included time that he served in Idaho. Dkt. 41-1. Jordan explained that offenders receive
"credit for all confinement time served before sentencing if that confinement was solely
in regard to the offense for which the offender is being sentenced." Dk. 41-2. She further
explained that because Pendleton was serving time on Idaho charges while in Idaho, he
was not eligible for Washington credit for the time served there. *Id.*

On April 15, 2020, Washington Governor Jay Inslee issued an emergency commutation order releasing certain classes of offenders with early release dates on or before June 29, 2020 in response to the COVID-19 pandemic. Dkt. 37-5. Pendleton was released on April 22, 2020. *Id.*

In March 2020, Pendleton applied to proceed *in forma pauperis*, Dkt. 1, and filed his complaint in July 2020, Dkt. 15. He alleges that Defendants imprisoned him unlawfully, refused to give him credit he was due, and deliberately held him beyond his release date. *Id.* He brings federal claims pursuant to 42 U.S.C. §§ 1983, 1985 and state law claims. *Id.* Pendleton additionally requests compensatory and punitive damages, along with fees and costs. *Id.*

Discovery in this case has been difficult, as Pendleton has resisted all of Defendants' discovery requests and has not provided them with any discovery. *See, e.g.*, Dkts. 123 at 2, 123-1 at 13–16. On June 23, 2021, Judge Christel ordered Pendleton to submit to a deposition, Dkt. 133, and Pendleton filed a motion for appointment of counsel that same day, Dkts. 134, 135. He refused to sit for the deposition until the Court ruled on the motion. Dkt. 144, ¶ 4. On July 26, 2021, the Court denied Pendleton's motion to appoint counsel and ordered him to sit for a deposition by August 20, 2021. Dkt. 147. Pendleton then filed an interlocutory appeal of the Court's order denying his motion to appoint the same day. Dkt. 148. Two days later, on July 28, 2021, Pendleton filed a motion to certify the interlocutory appeal he had already filed. Dkt. 151. On August 1, 2021, Pendleton filed a motion for reconsideration of the order denying his motion to appoint counsel. Dkt. 153. On August 5, 2021, Judge Christel issued an R&R

1    recommending that the Court deny Pendleton's motion to certify. Dkt. 156. On August

2    12, 2021, the Ninth Circuit dismissed Pendleton's appeal for lack of jurisdiction. Dkt.

3    157. Still, on August 13, 2021, Pendleton filed objections to the R&R. Dkt. 158.

4          While the appeal and motions were pending, Defendants made additional attempts

5    to schedule Pendleton's deposition, ultimately setting it for August 18, 2021. Dkt. 160-1

6    at 17. Pendleton responded to Defendants' notice stating that he would not attend a

7    deposition without counsel. *Id.* at 23. Defendants then moved for sanctions on August 23,

8    2021, requesting that the Court dismiss Pendleton's case with prejudice for failure to

9    comply with the Court's order and failure to participate in discovery. Dkt. 159. Judge

10   Christel issue an R&R on September 16, 2021, recommending that the Court grant

11   Defendants' motion, dismiss Pendleton's case with prejudice, and deny all other

12   outstanding motions as moot. Dkt. 164. On September 17, 2021 Pendleton objected. Dkt.

13   165. On September 23, 2021, Defendants responded. Dkt. 166.

14         Since Judge Christel issued the R&R recommending dismissal, Pendleton has

15   additionally filed two "motions request for decision/request for status report." Dkts. 167,

16   168.

17                                  **II.   DISCUSSION**

18         On nondispositive matters, the district judge must review for clear error any part

19   of the magistrate judge's order that has been properly objected to. Fed. R. Civ. P. 72(a).

20   On dispositive matters, the district judge must determine de novo any part of the

21   magistrate judge's disposition that has been properly objected to. The district judge may

22

1    accept, reject, or modify the recommended disposition; receive further evidence; or return

2    the matter to the magistrate judge with instructions. *Id.* at (b)(3).

3    **A.    Motion for Certification for Interlocutory Appeal**

4            As a motion for certification for interlocutory appeal is a nondispositive matter,

5    the Court reviews the R&R recommending denying Pendleton's motion for clear error.

6    *Cf. Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 365 F. Supp. 3d

7    1129, 1132–33 (D. Or. 2019) (discussing the differences between a nondispositive and

8    dispositive motion); 28 U.S.C. § 636(b)(1)(A) (vesting a magistrate judge with the power

9    to hear and determine any pretrial matter except for "a motion for injunctive relief, for

10   judgment on the pleadings, for summary judgment, . . . to dismiss or to permit

11   maintenance of a class action, to dismiss for failure to state a claim upon which relief can

12   be granted, and to involuntarily dismiss an action").

13           A court may certify for appeal an otherwise non-appealable order where "such

14   order involves a controlling question of law as to which there is substantial ground for

15   difference of opinion and . . . an immediate appeal from the order may materially advance

16   the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification of a non-

17   appealable order under § 1292(b) is appropriate where the order (1) involves "a

18   controlling question of law;" (2) "as to which there is a "substantial[] ground for

19   difference of opinion;" and (3) "an immediate appeal from the order may materially

20   advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d

21   1020, 1026 (9th Cir. 1982) (en banc). The R&R concluded that Pendleton failed to

22

1  establish any of the three criteria necessary for the Court to certify an issue for

2  interlocutory appeal. Dkt. 156. Reviewing for clear error, the Court agrees.

3        Pendleton's objections largely focus on his underlying motion to appoint counsel,

4  which Judge Christel denied and Pendleton seeks to appeal, and on Judge Christel's

5  determination that he is not likely to succeed on the merits. *See* Dkt. 158. While

6  Pendleton disagrees with the outcome of the underlying motion, his objections must

7  address why the R&R was clearly erroneous or contrary to law. Pendleton's objections do

8  not persuade the Court that the R&R's determination that he did not meet § 1292(b)

9  requirements was clear error. The Court agrees that Pendleton did not meet his burden in

10  showing that there is a controlling question of law on which there is substantial ground

11  for difference of opinion.

12        The R&R as to Pendleton's motion for certification for interlocutory appeal, Dkt.

13  156, is therefore ADOPTED.

14  **B.    Motion for Sanctions**

15        The R&R on Defendants' motion for sanctions recommends that the Court dismiss

16  Pendleton's case with prejudice, and thus the Court must determine de novo any part of

17  the R&R that has been properly objected to. In determining whether to dismiss

18  Pendleton's case for failure to comply with a court order, the R&R considered: "(1) the

19  public's interest in expeditious resolution of litigation; (2) the court's need to manage its

20  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

21  disposition of cases on their merits; and (5) the availability of less drastic alternatives."

22  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (internal citations omitted).

1    Dismissal is appropriate when "at least four factors support dismissal, . . . or where at

2    least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d

3    393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263). The R&R concluded that at

4    least four of the five *Ferdik* factors weigh in favor of dismissing the case. The R&R thus

5    recommends dismissing Pendleton's case and denying all remaining motions (including

6    Pendleton's motion for reconsideration on the denial of his motion to appoint counsel) as

7    moot. Dkt. 164 at 6.

8           Pendleton's objections to this R&R again repeat his arguments that Judge Christel

9    improperly determined that he is unlikely to succeed on the merits and improperly denied

10   his motion to appoint counsel. *See* Dkt. 165. He argues that it is procedural error to

11   dismiss his complaint while his motion for reconsideration is pending. *Id.* But the R&R

12   recommends denying all of Pendleton's remaining motions as moot due to its

13   recommendation of dismissal. Dkt. 164 at 6.

14          A proper objection requires specific written objections to the findings and

15   recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

16   Cir. 2003) (en banc). "Courts are not obligated to review vague or generalized objections

17   to an R&R; a petitioner must provide specific written objections." *Ybarra v. Martel*, No.

18   09cv1188-LAB (AJB), 2011 WL 613380, at *1 (S.D. Cal. Feb. 11, 2011). Pendleton's

19   objections do not address the *Ferdik* factors or the R&R's analysis thereof.

20          Even so, the Court ultimately agrees with the R&R that Pendleton's refusal to

21   engage in discovery and to comply with the Court's order ordering him to attend his

22   deposition meets four of the five *Ferdik* factors. A sanction of dismissal with prejudice is

1    appropriate here. The R&R as to Defendants' motion for sanctions is therefore

2    ADOPTED. All remaining motions are DENIED as moot.

3                                    **III.  ORDER**

4            The Court having considered the R&R, Plaintiff's objections, and the remaining

5    record, does hereby find and order as follows:

6        (1)    The R&Rs, Dkts. 156, 164, are **ADOPTED**;

7        (2)    Plaintiff's motion for certification for interlocutory appeal, Dkt. 151, is

8               **DENIED**;[2]

9        (3)    Defendants' motion for sanctions, Dkt. 159, is **GRANTED**;

10       (4)    Plaintiff's motion for reconsideration, Dkt. 153, and motions for status

11              report, Dkts. 167, 168, are **DENIED as moot**;

12       (5)    Plaintiff's *in forma pauperis* status is **REVOKED** for the purposes of

13              appeal; and

14       (6)    The Clerk shall enter a JUDGMENT and close the case.

15       Dated this 10th day of November, 2021.

16

17

18   BENJAMIN H. SETTLE
     United States District Judge

19

20

21   _____

22       [2] As the Court is dismissing this case with prejudice, Plaintiff's motion for certification
     for interlocutory appeal is additionally mooted.